UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, # 295567, | ) C/A No. 5:13-2970-RMG-KDW |
| Plaintiff, | ) |
| vs. | ) ORDER |
| DHO Ms. Glidewell; <br> Major F. Musier; <br> Sgt. L. Henderson; <br> Warden Leroy Cartledge; <br> Grievance Coordinator Ms. Tolbert; <br> The McCormick County Prison Head Personal of Classifications; <br> Ms. J. Jimenez; in their individual capacity and their official capacity, | ) |
| Defendants. | ) |

This action, filed by Plaintiff proceeding pro se, was originally filed in the South Carolina Court of Commons Pleas in McCormick County. The case number in state court is 2013 CP 3504.

Defendants removed this case to United States District Court, alleging jurisdiction lies in this court because "federal questions exist pursuant to 28 U.S.C. § 1331." Notice of Removal 1, ECF No. 1. However, on page one of the Complaint originally filed in state court, Plaintiff states that his case is a "tort claim" and cites to specific sections of the South Carolina Code that are part of the South Carolina Torts Claim Act: "15-78-10; 15-78-60 (25) [through] 15-78-120 et seq." Compl. 1; ECF No. 1-1. Plaintiff further states that "jurisdiction over these matters [is] pursuant to S.C. Code Ann. § 36-2-802 and 36-2-803, as well [as] Article V of the Constitution of the State of South Carolina and the court powers." Compl. 7. There are no specific citations of any *federal* statute or constitutional provision anywhere in the Complaint. Although review of Plaintiff's Complaint does reveal minimal use of some terminology often associated with claims under certain federal constitutional amendments, the same (or similar) words are also used in connection with the various sections of the South Carolina Constitution.

It is well settled federal law that the plaintiff is the master of his complaint. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005); *see also Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 6 (1st Cir. 2008); *see also Addison v. Charleston Cnty. Pub. Defenders*, CA No. 4:11-2936-CMC-JDA, 2011 WL 6937608, *2 (D.S.C. Dec. 8, 2011). Also, removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990). Applying the required liberal construction rules applicable to pro se litigants, Plaintiff's specific references and citations to South Carolina state law as the basis for his claims and jurisdiction over them renders his passing

references to certain amendments to the United States Constitution (8th and 14th) and use of words commonly associated with certain federal constitutional claims (deliberate indifference, cruel and unusual punishment, due process) ambiguous.

Accordingly, based on the foregoing,

**IT IS ORDERED** that Plaintiff shall advise the court, in writing, within 14 days of the date of this Order, whether in the action he filed in state court, (1) he is pursuing any claims for violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983 or any other types of claims under any other federal statute, constitutional provision, or treaty;(2) he is *only* pursuing claims under the South Carolina Constitution and/or other South Carolina state laws, or (3) whether he is pursuing claims under *both* South Carolina and federal law.

If Plaintiff advises the court that he is *only* pursuing claims under South Carolina law, this case will be remanded to state court. If Plaintiff advises the court that he is pursuing *only* federal claims *or both* federal and state claims, this case will progress in this court in the usual manner.

**IT IS FURTHER ORDERED** that the Clerk of Court shall withhold issuance of any scheduling order in this case until further direction from the undersigned.

IT IS SO ORDERED.

November 1, 2013  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge