UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, ) | C/A No. 5:13-02970-RMG-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DHO Ms. Glidewell; Major F Musier; Sgt L ) | REPORT AND RECOMENDATION |
| Henderson; Warden Leroy Cartledge; Ms Tolbert; ) | |
| McCormick County Prison Head Personal of ) | |
| Classifications, Ms J Jimenez; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on Defendants' Motion for Summary Judgment filed on February 24, 2014. ECF No. 32. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on February 25, 2014, advising Plaintiff of the importance of such motions and of the need for him to file adequate responses. ECF No. 33. Plaintiff filed a Response to Defendants' Motion on March 7, 2014, and Defendants replied on March 10, 2014. ECF Nos. 40, 41. The court granted Plaintiff an extension to file a supplemental response to Defendants' Motion for Summary Judgment. ECF No. 43. Plaintiff filed a Supplemental Response on March 20, 2014, ECF No. 47, and additional attachments to his Supplement on April 17, 2014, ECF No. 49. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because the Motion for

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Summary Judgment is dispositive, a Report and Recommendation is entered for the court's review.

I.     Background

Plaintiff is an inmate and was housed within McCormick Correctional Institution ("MCI") during the time period relevant to his Complaint.[2] ECF No. 1. Plaintiff filed his initial Complaint in state court on January 14, 2013, and Defendants removed it to federal court on October 31, 2013. *Id.* In his Complaint, Plaintiff alleges that he is "totally being treated differently than other prisoners at [MCI] by [the Defendants]." ECF No. 1-1 at 1. Additionally, Plaintiff maintains that certain Defendants are interfering with his disciplinary procedures and changing the charges against him. *Id.* For example, Plaintiff argues that Defendant Musier changed a minor charge of disrespect back to a major charge of threatening to inflict harm. *Id.* Plaintiff complains generally about a disciplinary hearing and the punishment of SMU lock-up he received as a result of it. *Id.* at 2. As a result of the disciplinary action, Plaintiff alleges that he lost his level 2 custody status, which Plaintiff demands back. *Id.* Plaintiff maintains that before all this occurred he was housed in a good cell with cellmates that were staying out of trouble. *Id.*

Next, Plaintiff makes general complaints regarding the grievance process. Specifically, Plaintiff contends there are not enough grievance coordinators and that the coordinators sabotage or throw away his grievances or fail to process them. *Id.* at 3; 5. Additionally, Plaintiff complains about the prison conditions in the SMU. *Id.* at 3. Specifically, Plaintiff claims he is tortured by the "filthy fungus athletic feet showers, bug infested cell with worms, snails, and a bunch of unknown species crawling in the cracks of

---

[2] When Defendants removed this case to federal court Plaintiff was housed at Lee Correctional Institution. Plaintiff is incarcerated currently at Lieber Correctional Institution. Pl.'s Notice of Change of Address, ECF No. 48.

the floors." *Id.* at 3-4. Plaintiff maintains that he is subjected to cold air and fed cold food with bugs in it. *Id.* at 4-5. Also, Plaintiff complains about his prison placement and asserts that he would "like to bring to the Court's attention [his] attempts to get away from McCormick prison [and] closer to [his] family. . . and put in to go to Evans prison in Bennettsville, S.C." *Id.* at 6. Further, Plaintiff maintains that he is constantly housed around mental health patients at McCormick which shows that the classifications are uncoordinated. *Id.* Additionally, Plaintiff claims that he has sent five requests for medical work-ups to no avail causing him to bear pain in his feet and back. *Id.*

Plaintiff "asks the courts the max of funds for all violations and more the courts see fit." *Id.* at 7. Then, Plaintiff requests specific damages amounts from all the named Defendants. *Id.* Additionally, under what appears to state "preliminary injunction," Plaintiff makes several requests, including but not limited to: the McCormick prison warden remove Defendant Glidewell from her position, an entirely new administration, the entire grievance system be changed, and proper heat in every cell. *Id.* at 9-10.

II.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).  Nor can the court assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).  "The court shall

3

grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); s*ee also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs,* 945 F.2d 716, 718 (4th Cir. 1991) (referencing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a mere "scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

    III.    Analysis

    A.    Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure

As an initial matter, Defendants maintain that "[i]t is very difficult to discern from his Complaint specifically the basis of Plaintiff's claims. . . ." ECF No. 32-1 at 1. Defendants believe that Plaintiff is claiming (1) he was improperly convicted of a disciplinary action; (2) he was housed at the wrong custody level; (3) he should have been transferred to another prison; and (4) his grievances were handled improperly. *Id.*

4

The undersigned also notes the difficulty in discerning Plaintiff's specific causes of action and against whom the cause of action is asserted. Specifically, Plaintiff appears to make several claims against Defendants but his assertions and facts surrounding many of the claims are vague and incomplete. Therefore, unless Plaintiff's cause of action is addressed herein, the undersigned recommends any other perceived claim be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Rule 8, Fed.R. Civ. Proc. (requiring that complaints shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (finding the purpose behind Rule 8 is to give the defendant fair notice of the claims and the grounds upon which it rests, and holding that the plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .").

B.     Disciplinary Actions

Defendants argue that Plaintiff's disciplinary claim, specifically against Defendant Glidewell, is barred under the doctrine of res judicata and/or issue preclusion. ECF No. 32-1 at 2-9. Specifically, Defendants argue that Plaintiff may be attempting to reassert a claim previously decided by this Court in *Cabbagestalk v. Cartledge*, No. 3:12-cv-3182-SB-JRM. *Id.* at 5. Additionally, Defendants maintain that Plaintiff's claims against Sgt Henderson, Warden Cartledge, and Major Mursier must be dismissed as a matter of law because Plaintiff's claim concerning improper disciplinary actions is barred because his disciplinary conviction has not been expunged, overruled, reversed on appeal, or otherwise declared invalid. ECF No. 32-1 at 6-10. Further, Defendants maintain, pursuant to *Heck v. Humphrey*,

5

512 U.S. 477 (1994), the disciplinary action's invalidity is a prerequisite to a suit for damages. *Id.* at 6-8.

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n.5 (1979). "There are three elements necessary to apply the doctrine of res judicata:  (1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996) (internal citations omitted). For purposes of res judicata, grants of summary judgment are considered "on the merits." *U.S. ex rel. Bondy v. Consumer Health Found.*, 28 F. App'x 178, 184 (4th Cir. 2001).

In *Cabbagestalk v. Cartledge*, 3:12-cv-3182-SB-JRM, 2013 WL 5409204 (D.S.C. Sept. 25, 2013), Cabbagestalk brought a § 1983 action against defendants Cartledge, Classification Head-person of McCormick Prison, Major Musier, DHO Ms. Glidewell, and Sgt. L. Henderson. There, Cabbagestalk alleged defendants "violated his due process rights when they reduced his disciplinary charge for 'threatening to inflict harm' to 'disrespect' without 24 hours of notice but still treated it as a major disciplinary infraction, resulting in his inability to receive a lower security classification." *Id.* at *2.  In addition, Cabbagestalk alleged "that he was discriminated against and retaliated against when he was placed in disciplinary segregation in the Special Management Unit ("SMU") after being found guilty of the 'disrespect' charge, and that the Defendants conspired against him to place him in SMU to prevent him from receiving a lower security classification." *Id.* Cabbagestalk's allegations stemmed from an October 2, 2012 meeting, an October 3, 2012 charge, and an

6

October 25, 2012 disciplinary hearing. *Id.* at 1. There, the court granted defendants' summary judgment on Cabbagestalk's claims concerning his administrative hearings because Cabbagestalk failed to establish that defendants violated his constitutional rights. *Id.* at *3. Specifically, the court found: "With respect to the administrative hearing, the fact that Defendant Glidewell reduced his charge from 'threatening to inflict harm' to 'disrespect' without providing him with 24 hours of notice does not amount to a constitutional violation." *Id.* Additionally, the court found that "Plaintiff did not suffer from the loss of his liberty interest in a shorter sentence." *Id.*

Here, Plaintiff is attempting to re-litigate claims related to his October 2012 disciplinary conviction. In his Complaint, Plaintiff makes the same disciplinary allegations against the same Defendants, and cites to the same October dates. ECF No. 1-1 at 1. Specifically, Plaintiff claims Defendants Glidewell and Musier changed a threatening conduct charge to a disrespect charge. ECF No. 1-1 at 1. In his Response to Defendants' Motion, Plaintiff argues, "Defendants have yet to address the issue of the charge being dropped from threatening to disrespect (did the DHO give me a chance to defend myself against the accusation of disrespect?) No." ECF No. 47 at 1. Clearly, this court has decided Plaintiff's claims concerning the disciplinary action, in particular the change in disciplinary charges against Plaintiff, on the merits by previously granting defendants' motion for summary judgment. *See Bondy*, 28 F. App'x at 184 (4th Cir. 2001). Additionally, the defendants in the prior action are the same Plaintiff complains about in this action, and Plaintiff appears to assert the same claims against them here. Therefore, the elements of res judicata are met. Moreover, to the extent Plaintiff brings an action for a separate or different claim against Defendants, he is precluded from raising it here because he could have raised

7

his current claim in the prior action. *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) ("Rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented."). Therefore, the undersigned recommends the doctrine of res judicata bar Plaintiff's claim concerning the disciplinary action in this case against Defendants Glidewell, Henderson, Cartledge, and Mursier.³

C.     Failure to Properly Process Grievances

Defendants argue that Plaintiff has failed to state a cause of action under § 1983 concerning his grievances because he has no constitutional right regarding the grievance procedure. ECF No. 32-1 at 14. In his Complaint, Plaintiff alleges that his grievances are not being processed properly and that there are not enough grievance coordinators. ECF No. 1-1

---

³ To the extent the court finds that Plaintiff's disciplinary claim is not barred under res judicata, the undersigned recommends granting Defendants' summary judgment motion because Plaintiff's disciplinary cause of action is not a cognizable § 1983 cause of action. Plaintiff's Complaint alleges that Defendants are discriminating against him in the disciplinary process, have changed the nature of the charges against him, and have deprived him of his due process rights during the disciplinary procedures. ECF No. 1-1 at 1-3. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). The *Heck* holding was extended to the context of inmate disciplinary convictions in *Edwards v. Balisok*, 520 U.S. 641 (1997). Here, there is no evidence that Plaintiff's disciplinary action was overturned. Therefore, a § 1983 challenge is barred. Moreover, with regard to Plaintiff's due process claim, minimum procedural protections are required when a prisoner may be deprived of a liberty interest under the Due Process Clause. *Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012). The required minimum protections are: (1) advance written notice of the disciplinary hearing; (2) an opportunity to present evidence and call witnesses on his behalf, unless doing so would be hazardous to institutional safety and correctional goals; and (3) receipt of a written statement of the fact finder as to the evidence used in their determination and the reason for the disciplinary action. *Brown v. Braxton*, 373 F.3d 501, 504–05 (4th Cir. 2004). Here, there is no evidence Plaintiff was deprived of the three procedural protections afforded in *Brown*.

at 1-5. Specifically, Plaintiff argues that Defendant Tolbert "is go[ing to] do all she can to sabotage or throw away the grievances and [not] process them. . . ." *Id.* at 5.

The undersigned finds that Plaintiff's claims concerning the grievance process are without merit. Inmates do not have a constitutionally protected right to a grievance procedure within the prison system under the Due Process Clause, or any other statute. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (finding "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Thus, there is no constitutional right to file a grievance, nor is there a constitutional right to have a grievance timely determined within the prison system. Accordingly, the undersigned recommends dismissing Plaintiff's causes of action concerning SCDC's failure to properly process his grievances.

D.     Prison Conditions

Defendants maintain that Plaintiff has failed to set forth allegations in his Complaint which would constitute conditions so inhumane or foul as to be violative of the basic concepts of human decency as he has only alleged that his cell is "very dirty" and is not properly heated. ECF No. 32-1 at 18. Additionally, Defendants maintain that Plaintiff has failed to produce evidence of any physical or emotional injury. *Id.* For these reasons, Defendants maintain that Plaintiff's causes of action concerning prison conditions should be dismissed. *Id.*

In order to state an Eighth Amendment violation with respect to prison conditions, a prisoner must show: "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (internal citation omitted). To establish the subjective component of

a conditions-of-confinement claim, a prisoner must show that prison officials acted with deliberate indifference—that is, the prisoner must show the officials acted with more than mere negligence but less then malice. *See Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996); *see also Farmer v. Brennan*, 511 U.S. 825, 835–37 (1994). For the objective component of a conditions-of-confinement claim, the prisoner must demonstrate an extreme deprivation of his rights. *See Williams v. Branker*, 462 F. App'x. 348, 353 (4th Cir. 2012).

Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, and medical care. . . ." *Farmer*, 511 U.S. at 832. Even so, the Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *see also Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (internal citation omitted) ("[T]he ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity. Accordingly, only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim."). "[I]n order to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions. *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). "If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Id.*

Plaintiff claims he must live in a dirty, "bug infested cell." ECF No. 1-1 at 3. Additionally, Plaintiff alleges there is not enough heat and that he is fed cold food with bugs in it. *Id.* at 4-5. However, Plaintiff offers no evidence to support his claims. To support their

10

argument, Defendants offer the affidavit of MCI's warden, Leroy Cartledge. *See* ECF No. 32-5. Warden Cartledge avers that inmates housed in SMU are provided with necessary materials to clean their cells twice a week. Cartledge Aff., ECF No. 32-5 at ¶ 10. Warden Cartledge states that it is "[t]he responsibility of the inmates to clean their cells when the supplies are provided and not when they wish to do so." *Id.* According to the Warden, SMU has central heating and air, and the temperature is generally set at 68 degrees in the winter and 72 degrees in the summer. *Id.* at ¶11. Further, there have been times when the system has broken down or malfunctioned and on these occasions, the repairs have been made as quickly as possible. *Id.*

Here, Plaintiff has offered no evidence to support his claims. Additionally, as required by *Strickler*, Plaintiff has failed to produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions. 989 F.2d at 1381. Rather, the only evidence in the record demonstrates that Plaintiff has had opportunities to clean his cell. It also appears that the cells are kept at reasonable temperatures throughout the year. Therefore, the undersigned recommends granting Defendants' Motion for Summary Judgment on Plaintiff's causes of action concerning prison conditions.

E.     Custody Level/Prison Location

Throughout his Complaint, Plaintiff maintains that he is being housed at the wrong custody level and should be transferred to another prison. ECF No. 1-1. Defendants argue that Plaintiff's claims concerning his housing should be dismissed because the law is clear that inmates have no right to reside at a particular institution or to a particular classification. ECF No. 32-1 at 11.

11

The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994); *see also*, *Posey v. Dewalt*, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999) (stating that "[p]ut simply, petitioner has not stated a viable due process claim because he has no protected liberty interest in a particular classification within [Bureau of Prisons]"). "[A]n inmate's disagreement with [his custodial] classification is insufficient to establish a constitutional violation." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). To show a constitutional violation with respect to a custody classification, Plaintiff must show that the conditions of confinement exceed the sentence imposed or create an atypical or significant hardship in violation of a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472 (1995).

Plaintiff has failed to present any evidence to show that his classification and resulting conditions of confinement exceed the terms of his sentence or create an atypical or significant hardship. *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir.1997) ("Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement."); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("[T]he transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."); *see generally Sweet v. S. Carolina Dep't of Corrections*, 529 F.2d 854, 859 (4th Cir. 1975) (describing Federal Court's deference to prison administrators and all administrative matters unless the condition arises to the level of a constitutional violation); *see also Brown v. Evatt*, 322 S.C. 189, 195, 470 S.E.2d 848, 851 (1996) (South Carolina statutes and regulations regarding classification of prisoners create no liberty interest in a security or custody

12

classification). Plaintiff's argument that his placement within SCDC was improper fails to establish a constitutional violation. The undersigned recommends that Defendants be granted summary judgment as to this claim.

    F.    Medical Indifference

Defendants maintain that Plaintiff's claim that Defendants failed to provide him proper medical care must fail because no Defendant had direct involvement with his medical care. ECF No. 32-1 at 13. Further, Defendants argue that they have no advanced medical training and have the right to rely on the opinions of licensed medical providers as to the proper course of treatment for the Plaintiff. *Id.*

In his Complaint, Plaintiff maintains that he received no responses to over five requests for medical attention that he sent after an inmate jumped off a bed and landed on his ankle. ECF No. 1-1 at 6. Plaintiff notes that Tarcia James "worked a lot during the times [he] sent these medical requests in."[4] *Id.* As a result, Plaintiff claims he was forced to bear pain in his right leg, feet, and back. *Id.*

In order to prevail on a cause of action for deliberate indifference to medical needs, Plaintiff must show that the named defendants were deliberately indifferent to his serious medical need. *Farmer v. Brennan*, 511 U.S. 825, at 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference to a serious medical need requires proof that each Defendant knew of and disregarded the risk posed by the Plaintiff's objectively serious medical needs. *Farmer*, 511 U.S. at 846. In cases involving the denial of or the delay in providing medical treatment to a prisoner, the prison official must know of and disregard an objectively serious condition, medical need, or

---

[4] The undersigned notes that Plaintiff has filed another case wherein he names Tarcia James as a Defendant. The undersigned addressed Plaintiff's claims against Tarcia James in *Cabbagestalk v. Hardin*, 5:13-cv-02974-RMG-KDW.

risk of harm. *Sosebee v. Murphy*, 797 F.2d 179, 182-83 (4th Cir. 1986). The Fourth Circuit defines a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreye*, 535 F.3d 225, 241 (4th Cir. 2008) (internal citation omitted). A medical condition is also serious if a delay in treatment causes a lifelong handicap or permanent loss. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Plaintiff does not specifically contend that any of the named Defendants failed to properly attend to his medical injuries. Instead, he mentions only Tarcia James, a non-defendant, in his Complaint. ECF No. 1-1 at 6. Further, Plaintiff again offers no evidence to support his claim. In support of their argument, Defendants offer affidavits from all named Defendants who all attest that they had no involvement with inmate medical care. *See* ECF Nos. 32-2 to 32-7.

Defendants should be granted summary judgment on Plaintiff's medical indifference claim against them because he (1) failed to show a serious medical need and (2) failed to show that Defendants were deliberately indifferent to his medical needs. ECF No. 35-1 at 12-13. The undersigned finds that Plaintiff has not offered any evidence that would support a finding that Defendants intentionally or recklessly disregarded Plaintiff's medical needs. Further, the record before the court reveals that the named Defendants are not directly involved with inmate medical care. Therefore, the undersigned recommends that Defendants be granted summary judgment on Plaintiff's medical indifference claim.

    G.    Qualified Immunity

14

Defendants assert that they are entitled to qualified immunity on Plaintiff's claims. ECF No. 32-1 at 19-21. The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id*. (citations and internal quotation omitted).

The record before the court shows that these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. Defendants did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the exercise of their respective professional judgments. Thus, to the extent the district judge

15

finds that a constitutional violation occurred, the undersigned recommends that these Defendants be granted qualified immunity.

### H.     Eleventh Amendment/Official Capacity

Defendants argue that as employees of the SCDC they are not subject to suit in their official capacities.  ECF No. 32-1 at 22-23.  The undersigned agrees.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001). Because Defendants are agents or employees of the State of South Carolina, when acting in their official capacities, they are not "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). A State cannot, without its consent, be sued in a District Court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663.  The State of South Carolina has not consented to be sued in this case.  S.C. Code Ann. § 15-78-20(e).   As an arm of the State, Defendants are immune from suit under the Eleventh Amendment. Accordingly, the undersigned recommends that Plaintiff's claims against Defendants in their official capacities be dismissed.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 32, be granted and that this case be dismissed. IT IS SO RECOMMENDED.

*[Signature: Kaymani D. West]*

June 5, 2014                                                                                           Kaymani D. West
Florence, South Carolina                                                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**