IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DHO Ms. Glidewell; Major F Musier; Sgt )<br>L Henderson; Warden Leroy Cartledge; Ms )<br>Tolbert; McCormick County Prison Head )<br>Person of Classifications, Ms J Jimenez; )<br>)<br>Defendants. )<br>_____ ) | No. 5:13-cv-02970-RMG<br><br>ORDER |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court grant Defendants' motion for summary judgment. (Dkt. No. 50). As set forth below, the Court agrees with and adopts the R&R as the order of the Court.

### Background

Plaintiff, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC, this case was automatically referred to a United States Magistrate Judge for pretrial proceedings. Defendants then filed a motion for summary judgment. (Dkt. No. 32). Plaintiff then filed a response opposing the motion, (Dkt. No. 40), and Defendants file a reply, (Dkt. No. 41). The Magistrate Judge then issued the present R&R. (Dkt. No. 50). Plaintiff then filed objections to the R&R. (Dkt. No. 52).

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. The Court agrees that Plaintiff's claims raised in this action are either barred by the doctrine of res judicata or fail to create a genuine issue of material fact sufficient to survive summary judgment.

Plaintiff raises five meritless objections. First, he argues that Defendant Glidewell ruled improperly at his DHO hearing. However, these arguments are barred by the doctrine of res judicata because they were raised, or should have been raised, in Plaintiff's prior action, *Cabbagestalk v. Cartledge*, No. 3:12-cv-3182-SB-JRM. Second, Plaintiff argues that the First Amendment entitles him to a certain grievance process, but it is well established that a prisoner has no constitutional right to a grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). In his third and fourth objections, Plaintiff complains about the loss of his Level Two classification status and cell location. However, "the federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). Lastly, Plaintiff asserts the Magistrate Judge should recuse herself pursuant to the "title of nobility act." The Court finds this objection lacks any merit and does not state a proper basis for recusal. *See* 28 U.S.C. § 455.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 50). Accordingly, the Court grants Defendants' motion for summary judgment. (Dkt. No. 32).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 23, 2014
Charleston, South Carolina